THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS CORREA, Defendant and Appellant.

No. 8809.   Argued July 15, 1941.—Decided July 23, 1941.

*Rogelio Fernández Garzot* for appellant. *Emilio de Aldrey, Acting Attorney General, R. A. Gómez, Prosecuting Attorney, and Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was prosecuted for an attempt to kill and for carrying a prohibited weapon. The case of carrying a weapon was submitted upon the same evidence that was heard by the jury in the prosecution for an attempt to kill. In the trial on the latter charge the jury failed to return a verdict. On the charge for carrying a weapon the defendant was convicted and sentenced to six months in jail. At a subsequent trial on the charge of attempt to kill another jury acquitted him.

The present appeal has been taken from the judgment whereby he was sentenced to six months in jail for the offense of carrying a weapon. In support thereof, the appellant urges that the trial judge erred in weighing the evidence, and that even supposing that no such error was committed, the penalty of six months' imprisonment is excessive.

The judgment is supported by the evidence for the prosecution. It appears from the same that on the night of May 27, 1937, the defendant wounded Luis Rodríguez with a kitchen knife. Several witnesses saw the weapon, which was found some hours after the occurrence and delivered to the

police, the same being produced in evidence after it was duly identified. Of the two witnesses produced by the defendant only one was examined in connection with the weapon and his testimony was confined to the statement that he was present when the defendant was arrested and that he failed to see that any weapon had been seized upon his person.

■■ The acquittal of the defendant on the charge of an attempt to kill did not in any way affect the finding made by the judge upon the evidence regarding the charge of carrying a weapon. Moreover, two distinct offenses are involved, and even though it were the same judge who had acquitted the defendant on the charge of an attempt to kill, that would not necessarily mean that he should find the defendant not guilty in the case of carrying a weapon,. as the elements constituting the two offenses are entirely different.

■■ The fact that the case of carrying a weapon was submitted upon the same evidence introduced in that of attempt to kill is not equivalent to an admission of guilt, and therefore it would not have to be taken into consideration by the trial judge for the purpose of fixing a lower penalty than the maximum one provided by law. The cases of *People* v. *Laureano,* 34 P.R.R. 203; *People* v. *Liceaga,* 36 P.R.R. 403 and *People* v. *Bocanegra,* 52 P.R.R. 370, invoked by the defendant, do not support his theory, because in all of them the defendants confessed their guilt, and such is not the case herein. The penalty imposed does not exceed the maximum provided by law. Nor is there any legal reason to justify our interference with the discretion of the trial judge in fixing the penalty, and therefore we must not disturb the same.

As the two errors assigned have been found to be without merit, and as nothing appears from the record to show the commission of any other error prejudicial to the rights of the defendant, the judgment appealed from must be affirmed.